In the Matter of WILLIAM L. GERETY, an Attorney, Respondent.

First Department, April 6, 1934.

*Einar Chrystie*, for the petitioner.

*Bernard Shaw*, for the respondent.

FINCH, P. J. This is a motion by the petitioner to set aside the report of the referee and to adjudge the respondent guilty of professional misconduct as charged in the petition.

The respondent was admitted to practice as an attorney and counselor at law in the State of New York at a term of the Appellate Division of the Supreme Court, Second Department, on February' 2, 1917.

Upon this record the outstanding facts show that the respondent neglected the interest of his client, as a result whereof the action brought by the respondent was dismissed for failure to prosecute.

The undisputed facts are as follows: One Arthur Kinsley, in November, 1927, suffered personal injuries and damage to his automobile by a motor truck owned by one Canda. Mrs. Kinsley requested the help of the respondent, through the wife of the respondent. Thereafter Kinsley executed an affidavit reciting that he had retained the respondent as his attorney to bring an action for damages and authorizing said attorney to examine the police blotter. Respondent thereafter commenced an action against Canda, the owner, and Venard, the driver of the truck, to recover the sum of $1,000, in which action the respondent was named as attorney for Kinsley. The defendants appeared separately and each demanded a bill of particulars. In answer, respondent did nothing, and also did not serve a notice of trial to place the case on the calendar. From time to time thereafter, Mrs. Kinsley inquired of respondent if he had heard anything of defendants, and respondent advised her that he had not. Respondent, however, falsely informed both Mr. and Mrs. Kinsley that the case was on

the calendar, that a jury had been demanded, and that it would take about two years to be reached for trial. On June 25, 1929, the respondent was served with a notice of motion on behalf of one of the defendants to dismiss the action for lack of prosecution. Respondent did not appear on the return day of the motion and the same was granted by default, and a copy of the order served on respondent. On January 4, 1931, Kinsley wrote respondent as follows:

" Dear BILLY: Am trying once again to see if you will take the trouble of giving me some information regarding the case you are supposed to be handling for me. As I have been trying for quite some time to get this information, would appreciate the courtesy of a reply."

The respondent concededly received this letter but made no reply. After unsuccessful efforts by Mrs. Kinsley to obtain from the respondent information regarding the case, she went to the court house in June, 1931, and ascertained that the action had been dismissed.

In November, 1931, the matter was turned over to another attorney, and the latter wrote to the respondent on November 20, 1931. This letter the respondent ignored. Complaint was then made to the committee on grievances of the petitioner, and three separate letters were sent by the latter to respondent asking for information concerning the matter. These letters the respondent admittedly received and completely ignored. Upon being notified that the matter would be brought on for investigation by the committee on grievances of the petitioner, the respondent, on March 26, 1932, wrote as follows:

" Dear Sir: With reference to the matter of Arthur Kinsley, the undersigned does hereby state that he was never retained by Mr. Kinsley to prosecute any action on his behalf, nor was any agreement for compensation for services ever made, or as a matter of fact, was any paid."

Before the referee herein the respondent claimed he had declined to prosecute the action, not being in active practice and inexperienced in that kind of work, but had at the instance of his wife undertaken to serve a summons, as a matter of friendship, with the idea that a settlement of the claim would ensue without the necessity of a trial.

Whether or not the matter was undertaken by respondent as aforesaid rests on conflicting testimony. Arthur Kinsley and his wife testified that there was a general retainer without limitation. It is unnecessary to consider the weight of the evidence in this connection because the contention of the respondent is negatived

by the admitted fact that he advised Mr. and Mrs. Kinsley that he had placed the case upon the calendar and had demanded a jury trial. Respondent, in seeking to mitigate the falsity of this statement, testified he thought it was true when he made it. The contention of respondent that he had taken it for granted that the case was placed upon the calendar and a jury trial demanded is negatived by the fact that at the hearing before the referee, he contended also that he agreed expressly to do nothing further than to serve a summons.

The finding of the learned referee that at the time respondent agreed to represent Kinsley it was agreed that the limitation of his duty was to serve a summons on defendants in the hope that they would settle, is against the weight of the evidence. Moreover, even upon the assumption that respondent undertook only the service of a summons, his conduct throughout is deserving of censure.

It is the judgment of this court that respondent should be suspended from practice for six months, with leave to move for reinstatement at the expiration of that period upon proof of compliance with the conditions to be incorporated in the order.

MERRELL, MARTIN, O'MALLEY and UNTERMYER, JJ., concur.

Respondent suspended for six months.