In the Matter of DANIEL B. EDELMAN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, June 28, 1962.

*Eric Nightingale* (*Michael Franck* with him on the brief), attorney for petitioner.

*Per Curiam.* Respondent was admitted to the Bar in the Second Department in December, 1945. A Referee has found that three charges of professional misconduct lodged against respondent have been sustained. The first two charges involve, respectively, the neglect of claims of two clients seeking damages for personal injuries, and the ignoring of requests for information as to the status of the matters. The third charge concerns the omission to answer inquiries of the Committee on Grievances of the Association of the Bar of the City of New York for information concerning the foregoing matters.

Our review of the record convinces us that the evidence sustains the findings and report of the Referee and we agree with the conclusion of the Referee that respondent's conduct " evinces either a shocking ignorance, or a callous disregard, of the obligations of an attorney to his clients, and his disregard of the letters received by him from the Grievance Committee is * * * inexcusable ". The report of the Referee is confirmed.

The same indifference and laxity which respondent displayed in regard to his clients' causes and the requests from the Grievance Committee were repeated when respondent failed to file any brief before the Referee — after having requested and obtained time to do so — and when respondent submitted no answering papers in this court on the motion to confirm the Referee's report.

Respondent's inexcusable neglect of his clients' causes constituted professional misconduct (*Matter of Satz,* 16 A D 2d 275; *Matter of Maness,* 7 A D 2d 122; *Matter of Shelton,* 7 A D 2d 135; *Matter of Porcella,* 241 App. Div. 344; *Matter of Gerety,* 240 App. Div. 496).

Respondent's disregard of the inquiries by the Grievance Committee made matters worse. Moreover, respondent's failure to submit any papers in opposition to the motion to confirm the Referee's report demonstrates an "indifference to the consequences of an adverse determination". (See *Matter of Schner,* 5 A D 2d 599, 600; *Matter of Bennett,* 16 A D 2d 129.)

Under all of the circumstances, respondent should be suspended for a period of two years.

Rabin, J. P., Valente, McNally, Stevens and Eager, JJ., concur.

Respondent suspended for a period of two years.